[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action by writ and complaint, claiming a dissolution of marriage and other relief, was initiated by service on the defendant on November 4, 1998, with a return date of November 17, 1998, and thence to later dates when the plaintiff filed an amended complaint amending the return date to December 22, 1998. The defendant later appeared pro se. Both parties appeared for a limited contested trial which took place on June 29, 2000.
The court heard testimony from each party and finds the following facts by a fair preponderance of the evidence. The court has jurisdiction over this matter. The plaintiff, whose birth name is Dawn M. Anstett and the plaintiff were married on August 3, 1996 in Barkhamsted, Connecticut. The plaintiff has resided continuously in the state of Connecticut for at CT Page 8508 least one year. One minor child has been born to the parties, issue of the marriage, namely Roderick E. Martin, born June 8, 1998. Neither party nor the minor child has received assistance from the State of Connecticut during the marriage. The marriage has broken down irretrievably.
The parties agreed on the record that the order entered on April 24, 2000 by stipulation concerning the custody, care and visitation of the minor child should be incorporated into the judgment of dissolution.
The plaintiff seeks an assignment of the defendant's interest in an Amway distributorship to her; sole possession of the 1993 Ford Ranger to her; an assumption by the defendant of the debt owed to Ford Motor Credit in the principal amount of $4,624.09 for the 1996 Ford Ranger used by the defendant during the marriage; $1 yearly as alimony for debt indemnification purposes only; child support in the amount of $93.00 weekly; the plaintiff to maintain medical insurance for the child as available through her employment, and the defendant to provide such insurance through his employment if available and no longer available to the plaintiff; the defendant to procure life insurance in the face amount of $100,000 naming the minor child as an irrevocable beneficiary; the plaintiff has the right to claim the minor child as a tax exemption each year; and the restoration of her birth name Dawn M. Anstett. The plaintiff explicitly waived a claim for day care expenses to be paid by the defendant.
The defendant seeks the return of tools and personal items or their cash value and disputes that he is responsible for the debt owed to Ford Motor Credit.
The court heart testimony on these claims. The parties had conflicting accounts regarding the repossession of the 1996 Ford Ranger and the defendant's tools. The court finds that while the plaintiff took the Ford Ranger without the defendant's permission at the Bantam courthouse, that fact does not absolve the defendant from responsibility for the money owed to Ford Motor Credit. He used the vehicle throughout the marriage and did not stay current on the payments. As to the tools, the court finds that it is most equitable to order the plaintiff to diligently search for any tools belonging to the defendant and to return those and the defendant's leather coat to the defendant within two weeks of this judgment.
The plaintiff shall assign her interest in the Amway distributorship to the defendant unless he chooses to assign his interest to her within thirty days of this judgment.
The court has considered the criteria set forth in General Statutes CT Page 8509 § 46b-81 and further orders as follows:
1. A decree may enter dissolving the marriage on the grounds of irretrievable breakdown.
2. The plaintiff shall have sole legal and physical custody of the minor child, Roderick E. Martin, born 6/4/98. Defendant shall have supervised visitation through Thomaston Counseling Association after he completes his current alcohol treatment program and after he fulfills his parenting education requirement. Defendant shall be responsible for arranging such visitation with Thomaston Counseling Association at his expense, if he chooses to exercise his right of visitation. Plaintiff shall keep Defendant informed as to any health issues regarding the child by communicating any such information to Defendant's mother, Barbara Martin, in a timely manner or an alternative third party in the event that Mrs. Martin is not available.
3. The defendant shall pay child support of $93.00 weekly to the plaintiff, which is in accordance with the child support guidelines.
4. The plaintiff shall maintain health insurance for the minor child as available through her employment. If it is not available to her, the defendant shall maintain health insurance for the minor child as available through his employment. Uninsured or unreimbursed medical expenses shall be shared by the parties after the plaintiff has paid the first $100.00 per year as follows: 60% by the plaintiff and 40% by the defendant, pursuant to the child support guidelines.
5. Each party shall pay the other $1.00 yearly as alimony for debt indemnification purposes only.
6. Each party is responsible for the debts listed on his or her financial affidavit and is ordered to hold the other harmless therefrom, with the exception of the debt owed to Ford Motor Credit of $4,624.09 which shall be assumed by the defendant who shall hold the plaintiff harmless therefrom.
7. The defendant shall obtain and maintain a life insurance policy in the minimal amount of $25,000, naming the minor child as irrevocable beneficiary until the minor child reaches the age of eighteen or graduates from high school, whichever occurs later, but in no event beyond the minor child's nineteenth birthday.
8. The plaintiff shall have the right to claim the minor child as a tax exemption and deduction. CT Page 8510
9. The plaintiff shall have exclusive possession of the 1993 Ford Ranger and shall be solely responsible for all expenses associated with the truck.
10. Each party shall retain the assets listed on his or her financial affidavits free and clear of any claim by the other.
11. The plaintiff's birth name of Dawn M. Anstett is restored to her.
DiPentima, J.